Case 2:15-cv-02634-PD   Document 1   Filed 05/11/15   Page 1 of 11



**PD**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW R. PERRONG<br>1657 The Fairway #131 Jenkintown, PA 19046<br><br>Plaintiff,<br>vs.<br><br>"The Student Loan Group" (SLG)<br>6A Liberty #175<br>Aliso Viejo, CA 92656<br><br>and<br>DOES 1 through 100, inclusive,<br><br>Defendants. | Civil Action<br>No. **15    2634**<br><br><br><br><br><br><br><br><br><br><br>Jury Trial Demanded |

Plaintiff ANDREW R. PERRONG brings this action for damages, statutory damages, punitive damages, interest, court costs, and injunctive relief under rights pursuant to Federal Statute under 47 U.S.C. 227, and 47 C.F.R. 64 ("Federal Question" Jurisdiction) for the *ultra vires* illegal actions and deliberate and knowing tortious activity of The Student Loan Group ("SLG"), and Does 1 through 100, inclusive, in negligently and/or willfully contacting Plaintiff via Plaintiff's telephone to solicit sales ("Sales Calls"), by utilization of an automatic telephone dialing system ("RoboCalls") in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and related claims that form part of the same claim or controversy and/or under 28 U.S.C. § 1367(a) ("Supplemental" Jurisdiction). Plaintiff demands a trial by jury, and complains and alleges as follows:

## I.    Introduction

1. The Student Loan Group ("Company") is a corporation incorporated in the United

1

States that markets and sells, *inter alia,* student loan consolidation services to individuals throughout the United States. Its principal place of business is at 6A Liberty #175 Aliso Viejo, CA 92656.

2. Plaintiff brings this action to challenge the Company's practices in the telephone solicitation of its products and services. Specifically, Plaintiff challenges Company's and Company's agents' illegal telephone solicitations by which it markets its products and services, illegal RoboCalls, and failure to maintain a Do-Not-Call policy or list in connection therewith.

3. All of the claims asserted herein arise out of Company's illegal telephone solicitation campaign and are a common fact pattern.

## II.   Jurisdiction and Venue

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that Defendants conduct business in, and a substantial part of the events giving rise to plaintiff's claims occurred in, Pennsylvania's Montgomery County, which lies within this judicial district, pursuant to 28 U.S.C. §118. Also, see *Lary V. The Doctors Answer, LLC* CV-12-S-3510-NE (N.D. Ala. March 8, 2013.), a Federal Telephone Consumer Protection Act case, which held that "venue is proper in the district where [plaintiff] resides because the injury did not occur when the facsimile was sent… ; it occurred when the [facsimile] was received."

## III.   Parties

6. Plaintiff ANDREW PERRONG ("Plaintiff") is an individual who received the

2

alleged phone calls on his private telephone line mentioned herein. Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania who may be mailed at 1657 The Fairway #131 Jenkintown, PA 19046.

7. Defendant The Student Loan Group ("Company") is a corporation, which, upon information and belief, is legally incorporated under a different name, in the United States that has been in existence for at least a year, uses the trade name "The Student Loan Group," and transacts business in, *inter alia*, Montgomery County, Pennsylvania, which lies within this Judicial District. Company has headquarters located at 6A Liberty #175 Aliso Viejo, CA 92656.

8. Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as Does 1 through 100, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

9. At all times herein mentioned, Company, and the Doe Defendants, (collectively, "Defendants"), and each of them, were an agent or joint venture of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

10. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of each of the Defendants acted with an

3

awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

11. At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

## IV.  Factual Allegations

12. In or about May 5th, 2015, Plaintiff received a "robocall" solicitation by Defendants and/or their agents. Plaintiff had not consented to this solicitation.

13. The unsolicited telephone call was placed to Plaintiff's personal home telephone number and utilized an "automatic telephone dialing system," or "robocall," as prohibited by 47 U.S.C. § 227(b)(1)(A).

14. Plaintiff's telephone number was active on the Federal Do-Not-Call registry for over seven (7) years prior to these illegal unsolicited phone calls.

15. The unsolicited "robocall" telephone call transmitted the caller ID information of 215-486-3957, which, when called, transfers to an agent of Company. Additionally the Caller ID text says "THESLGROUP."

16. Plaintiff spoke with an agent of Company on May 5th, 2015, who refused to put Plaintiff on Company's do-not-call list or give Plaintiff a copy of Company's do-not-call policy.

17. Plaintiff received an *additional* two (2) calls from 855-417-1795, also owned by Defendants, on May 6th and May 8th. The call on May 8th additionally transmitted an automated message that utilized an "artificial or prerecorded voice."

4

18. Plaintiff spoke to a supervisor of Company on May 6th and May 8th, and was assured that he would be placed on Company's do-not-call list, but this did not happen. He was also refused a copy of Company's Do-Not-Call policy.

19. These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

20. Plaintiff did not provide any one, more, or all Defendants, nor any agent of Defendants, prior express written consent, or any other form of consent, express or implied, to cause Plaintiff to receive telephone calls on his personal telephone that utilized an "automatic telephone dialing system" to transmit a message or make calls.

21. Plaintiff had no prior business relationship with any one, more, or all of Defendants.

22. The telephone Sales Calls therefore violated 47 U.S.C. § 227(b)(1)(B), 47 U.S.C. § 227(b)(1)(A) 47 U.S.C. § 227(c)(3)(F), 47 CFR 64.1200(d)(1), 47 CFR 64.1200(d)(3), 47 CFR § 64.1200(a)(3), and 47 C.F.R. 64.1200(c)(2)

## V.   Causes Of Action

### First Cause of Action

(Negligent Violation of the TCPA "RoboCall" Prohibition, 47 U.S.C. § 227 et seq.)

23. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

24. As a result of Defendants'and Defendants' agents negligent violations of 47 U.S.C. § 227(b)(1)(B), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

5

25. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## Second Cause of Action

(Knowing and/or Willful Violation of the TCPA
"RoboCall" Prohibition, 47 U.S.C. § 227 et seq.)

26. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

27. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(B), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

28. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## Third Cause of Action

(Negligent Violation of the TCPA "Sales Call" Prohibition, 47 U.S.C. § 227 et seq.)

29. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

30. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

31. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Fourth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Sales Call" Prohibition, 47 U.S.C. § 227 et seq.)

32. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

33. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

34. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Fifth Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

35. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

36. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Sixth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

37. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

7

38. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(1) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Seventh Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

39. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

40. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(3), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Eighth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

41. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

42. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(3) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Ninth Cause of Action

(Trespass to Chattel)

43. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

44. Defendants and Defendants' agents conduct of telemarketing constituted an electronic trespass to Plaintiff's private telephone. This trespass was significant and substantial in duration in that Defendants' trespass illegally deprived Plaintiff of the use and enjoyment of his telephone for lawful purposes. Plaintiff has been damaged in an amount to be determined according to proof at trial.

45. At no time did Plaintiff consent to this trespass.

46. Defendants' trespass was done with oppression and malice, in that Defendants sent their illegal message intentionally, in actual awareness of its illegal nature, with the purpose of making an illicit profit and with the purposes of vexing, injuring and annoying Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

## Tenth Cause of Action

(Conversion)

47. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

48. Defendants and Defendants' agents conduct of telemarketing constituted a conversion of Plaintiff's private telephone. This conversion was significant and substantial in duration in that Defendants' conversion illegally deprived Plaintiff of the use and enjoyment of his telephone for lawful purposes.

49. Plaintiff is therefore entitled to the entire value of his telephone and service, in an amount to be determined according to proof at trial.

50. At no time did Plaintiff consent to this conversion.

51. Defendants' conversion was done with oppression and malice, in that Defendants sent their illegal message intentionally, in actual awareness of its illegal nature, with the purpose of making an illicit profit and with the purposes of vexing, injuring, and annoying Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

**WHEREFORE, Plaintiff prays for relief against defendants, and each of them, as follows:**

### VI. Prayer for Relief

On Causes of Action 1-8:

1. For awards of $500 for each negligent violation as set forth in actions 1-8;

2. For awards of $1,500 for each knowing and/or willful violation as set forth in actions 1-8.

3. Injunctive relief against Defendants, and each of them, to prevent future wrongful conduct;

Total statutory damages: **$18,000** (Three counts each of: sales call, "robocall", failure to put Plaintiff on do not call list, and failure to provide Plaintiff with copy of do-not-call policy, with treble damages for each.)

For Causes of Action 9-10:

4. Compensatory, general, incidental, and consequential damages according to proof;

5. Punitive and special damages according to proof;

For All Causes of Action:

6. Punitive damages to punish Defendants for their willful, illegal, and deliberate

10

tortious conduct and to deter others who may otherwise engage in similar willful illegal and deliberate tortious conduct;

7. Prejudgment interest at the maximum legal rate;

8. Costs of suit herein incurred; and

9. All such other and further relief as the Court deems proper.

### VII.   Demand for Jury Trial

Pursuant to his rights under the Seventh Amendment to the Constitution of the United States of America, the Constitution of the State of California, the Constitution of the Commonwealth of Pennsylvania, and other laws, including Federal Rule of Civil Procedure Rule 38, Plaintiff is entitled to, and hereby demands, a trial by jury, and not a bench trial, on all claims so triable.

Dated: May 11, 2015

Andrew Perrong
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
slgrouplitigation@gmail.com